BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE WESTERN ELECTRIC CO., INC.    )
SEMICONDUCTOR PATENT LITIGATION    )   DOCKET NO. 244

OPINION AND ORDER

BEFORE JOHN MINOR WISDOM, CHAIRMAN, AND EDWARD WEINFELD *,
EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III *,
STANLEY A. WEIGEL, AND ANDREW A. CAFFREY **, JUDGES OF
THE PANEL

PER CURIAM

      This litigation consists of eight actions institu-
ted by Western Electric Company, Inc. in five various federal
forums:  three in the District of Delaware; two in the North-
ern District of Texas; and one each in the Northern District
of California, the Eastern District of Virginia and the
United States Court of Claims.  Each of the seven district
court actions was commenced against one of seven different
companies, while the Court of Claims action is against

---

\* Judges Weinfeld and Lord were unable to attend
the Panel hearing and, therefore, took no part
in the consideration or decision of this matter.

\*\* Judge Caffrey recused himself and, therefore,
took no part in the consideration or decision
of this matter.

- 2 -

the United States, with Stewart-Warner Corp.; Teledyne,
Inc.; TRW, Inc.; Rockwell International Corp.; and Harris
Corp. named as third-party defendants.  These actions seek
damages for the alleged infringement of the "Derick" patent,
which involves a process for manufacturing semiconductor
devices such as transistors, diodes and integrated circuits.

Mostek Corp., a defendant in one of the Northern
District of Texas actions, moves the Panel for an order
transferring the Texas, Virginia and California actions
to the District of Delaware for coordinated or consolidated
pretrial proceedings pursuant to 28 U.S.C. §1407 with the
three actions pending there; Mostek takes no position regard-
ing transfer of the Court of Claims action.  Defendant
United States moves the Panel for an order transferring
all the district court actions, plus the Court of Claims
action, to a single district under Section 1407.  If the
Panel decides that it does not have the authority to transfer
actions pending in the Court of Claims, the United States
moves, in the alternative, for the Panel's permission
to participate voluntarily, with the concurrence and leave
of the Court of Claims, in any Section 1407 activities
that may be ordered for this litigation.  Defendant
Stewart-Warner favors transfer of all eight actions.
Defendants Teledyne and Intersil, Inc. support transfer
of all actions except Rockwell, which is pending in the
Northern District of Texas.  Plaintiff Western opposes

- 3 -

transfer of any action in this litigation and, alternatively, suggests the Northern District of Texas as the most appropriate transferee forum.  Defendant Rockwell opposes transfer of its action only, and expresses no sentiments concerning transfer of the other actions.

        We find that these actions involve common questions of fact and that, with the exception of <u>Rockwell</u> and the Court of Claims action, their transfer to the Eastern District of Virginia for coordinated or consolidated pretrial proceedings pursuant to Section 1407 will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.

I.   <u>The Rockwell Action</u>

        While seven of the actions before us involve only the Derick patent, <u>Rockwell</u> is much more extensive.  Western's first count in its complaint against Rockwell seeks royalties under a 1970 Patent License Agreement between Collins Radio Co. and Western, which allegedly survived the 1973 merger between Collins and Rockwell.  In another count, Western charges defendant with infringing nine patents, one of which is the Derick patent.  In response, Rockwell filed two counterclaims.  One avers that Western has infringed five Rockwell patents.  The other principally seeks a declaratory judgment that the 1970 Patent License Agreement between Collins

- 4 -

and Western did not remain in effect after the merger of
Collins and Rockwell.  Western in turn counterclaimed charging
Rockwell with infringing twelve other patents.

Several motions are pending in Rockwell.  One is
a motion by Western for partial summary judgment that the
1970 Patent License Agreement between Collins and Western
remained in effect after the merger of Collins and Rockwell,
whereby Rockwell succeeded to Collins' (1) liabilities, one
being the duty to pay royalties to Western for a license
to use certain Western patents, and (2) obligations, one being
the right of Western to utilize certain Rockwell communica-
tions systems patents royalty-free.  Rockwell has cross-moved
for summary judgment on its declaratory judgment counterclaim
and for summary judgment that Western is not licensed under
any patents alleged in Rockwell's patent infringement counter-
claim.  In addition, Rockwell has moved to dismiss Western's
patent infringement claim and counterclaim because of
improper venue.

The parties opposing transfer of Rockwell, which
include all parties in that action, argue that its transfer
is inappropriate because individual factual questions
overwhelmingly predominate over any common factual issues
it may share with the other actions in this litigation.
These parties contend that, unlike the thrust of the other
actions focusing upon defendants' alleged infringement of

- 5 -

the Derick patent, Rockwell is distinguishable as follows:
Rockwell is preliminarily a breach of contract dispute
centering upon the question whether the 1970 Patent License
Agreement between Collins and Western survived the 1973
merger of Collins and Rockwell; if Rockwell is held to be
licensed under Western's patents, the infringement issues
need not be reached; should Rockwell be found not licensed
under Western's patents, the venue issue must then be resolved
because Rockwell claims that any of its allegedly infringing
acts occurred in California, not Texas; if venue is found
to lie in the present court, only then would the infringement
issues be considered, with the Derick patent being only one
of 26 patents involved.

We are persuaded by these arguments and find that
the breadth of Rockwell in comparison with all the other
actions before us warrants its exclusion from coordinated
or consolidated pretrial proceedings in order to best promote
the expeditious processing of Rockwell and the rest of the
litigation as well.

II.  The Court of Claims Action

The United States and its supporters argue that
the Court of Claims action should be transferred along with
the rest of the litigation because this action shares common
questions of fact with the others and its transfer will
further the purposes of 28 U.S.C. §1407.  The United States

- 6 -

devotes considerable argument to the proposition that the
Panel is authorized under Section 1407 to transfer actions
pending in the Court of Claims.  Western, on the other hand,
strenuously contends that the Panel is not empowered by
the governing statute to transfer such actions.

The Panel has never before been faced with the
question of whether to transfer an action pending in the
Court of Claims.  In the Technograph litigation, however,
the Panel's predecessor, the Coordinating Committee for
Multiple Litigation, successfully engineered coordination
of pretrial proceedings among a Court of Claims action and
related actions pending in various federal district courts.
See generally 114 CONG. REC. 4926 (daily ed. March 4, 1968).
In view of the successful experience in Technograph, and
inasmuch as the Court of Claims has expressed its willingness
to cooperate with the transferee court toward the goal of
a prompt and efficient disposition of this entire litigation,
we see no need to decide the question of whether the Panel
has the power to transfer a Court of Claims action.  Further-
more, we need not act on the United States' alternative
request for us, with the concurrence of the Court of Claims,
to allow the United States to voluntarily participate in
the coordinated or consolidated pretrial proceedings we are
herewith ordering for all but one of the district court actions,

- 7 -

because we prefer to leave the degree and manner of any
coordinated pretrial proceedings between the Court of Claims
action and the actions in the transferee district solely
within the joint discretion of the transferee judge and
the Court of Claims.

III.  The Six Remaining Actions

 Western concedes that these six actions raise
common questions of fact concerning the validity of the
Derick patent.  Nonetheless, Western argues that transfer
of the six actions is inappropriate because a trial date
of July 6, 1976, has been set in the Virginia action and
the resolution of that action could dispose of the others
either on collateral estoppel principles, if the Derick patent
is held invalid, or by settlements induced by the persuasive
effect of a holding of validity of the Derick patent.

 Upon careful analysis of the record before us,
however, we believe that the best solution is to transfer
five of these actions to the Eastern District of Virginia
for coordinated or consolidated pretrial proceedings with
the action pending there.  The common factual questions on
the validity issue alone necessitate centralized pretrial
processing in order to ensure that the possibilities of
duplicative discovery and inconsistent pretrial rulings
are avoided.  For example, we do not know that the various
courts wherein these actions are now pending will, or should,

- 8 -

stay them pending the outcome of the Virginia action; and,
of course, it is uncertain whether the Virginia decision
will have a whole or partial dispositive effect, if any,
on the other actions.  Since it appears that there may also
be significant common factual issues on the anticipated
defense of patent misuse, and perhaps even a few on the issue
of infringement, Section 1407 treatment will produce the same
salutary results for these issues as for the issue of valid-
ity.  Moreover, placing these actions before a single judge
will serve the desired goal of conserving judicial effort.

In addition, transfer will not delay the develop-
ment of any unique factual questions in these actions,
principally as they relate to the issues of infringement
and patent misuse, since the transferee judge is empowered
to design a pretrial schedule for the concurrent processing
of such questions along with the common pretrial matters.
See In re Westinghouse Electric Corp. Uranium Contracts
Litigation, 405 F. Supp. 316, 319 (J.P.M.L. 1975); In re
Sugar Industry Antitrust Litigation, 395 F. Supp. 1271, 1273
(J.P.M.L. 1975); In re Republic National-Realty Equities Securities
Litigation, 382 F. Supp. 1403, 1405-06 (J.P.M.L. 1974).

Selecting the Eastern District of Virginia as
the transferee forum for this litigation allows the parties
and the judiciary to take advantage of the relatively more
advanced stage of the action pending there, while at the same
time permits them to interweave the pretrial processing

of these related actions in the most expeditious fashion overall.  The precise degree and manner of coordination or consolidation between the Virginia action and the others is, of course, entirely within the discretion of the transferee judge.  See In re Equity Funding Corporation of America Securities Litigation, 375 F. Supp. 1378, 1384 (J.P.M.L. 1974).

IT IS THEREFORE ORDERED that transfer of the actions entitled Western Electric Co., Inc. v. Rockwell International Corp., N.D. Texas, Civil Action No. 3-74-444-D, and Western Electric Co., Inc. v. The United States of America, et al., U.S. Ct. Cl., Court of Claims No. 211-75, be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that the remaining actions listed on the following Schedule A and pending in districts other than the Eastern District of Virginia be, and the same hereby are, transferred to the Eastern District of Virginia and, with the consent of that court, assigned to the Honor-able D. Dortch Warriner for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407 with the actions listed on Schedule A and pending in that district.

SCHEDULE A                                              DOCKET NO. 244

### U.S. COURT OF CLAIMS

Western Electric Co., Inc. v. The United          Ct. Cl.
States of America, et al.                         No. 211-75


### DISTRICT OF DELAWARE

Western Electric Co., Inc. v.                     Civil Action
Teledyne, Inc.                                    No. 75-307

Western Electric Co., Inc. v.                     Civil Action
Intersil, Inc.                                    No. 75-308

Western Electric Co., Inc. v.                     Civil Action
Solid State Scientific, Inc.                      No. 75-309

### EASTERN DISTRICT OF VIRGINIA

Western Electric Co., Inc. v.                     Civil Action
Stewart-Warner Corp.                              No. 75-0468-R

### NORTHERN DISTRICT OF TEXAS

Western Electric Co., Inc. v.                     Civil Action
Mostek Corp.                                      No. 3-75-1142-C

Western Electric Co., Inc. v.                     Civil Action
Rockwell International Corp.                       No. 3-74-444-D

### NORTHERN DISTRICT OF CALIFORNIA

Western Electric Co., Inc. v. Intel               Civil Action
Corp.                                             No. C-75-1966-RFP